UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 8:18-750 |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 641 |
| | ) | 21 U.S.C. § 331(a) |
| v. | ) | 21 U.S.C. § 333(a)(2) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| CHARLENE BRACH | ) | **INDICTMENT** |

## COUNTS 1-3

THE GRAND JURY CHARGES:

1. The United States Food and Drug Administration ("FDA"), was the federal agency charged with the responsibility of protecting the health and safety of the public by enforcing the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 301-399f ("FDCA"). One of the purposes of the FDCA was to ensure that foods entering interstate commerce are safe to eat and bear labeling containing true and accurate information.

2. The FDCA defined "food" as "articles used for food or drink for man or other animals" and "articles used for components of any such article." 21 U.S.C. § 321(f)(1) and (3).

3. Food was adulterated under the FDCA if, among other things, "any valuable constituent has been in whole or in part omitted or abstracted therefrom;" if "any substance has been substituted wholly or in part therefore;" or if "any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight, or reduce

its quality or strength, or make it appear better or of greater value than it is." 21 U.S.C. § 342(b)(1), (2), and (4).

4. Food was misbranded under the FDCA if, among other things, "its labeling is false or misleading in any particular." 21 U.S.C. § 343(a)(1).

5. The FDCA prohibited, among other things, introducing or delivering for introduction into interstate commerce an adulterated or misbranded food, or the causing thereof. 21 U.S.C. § 331(a).

6. The FDCA defined interstate commerce as: "(1) commerce between any State or Territory and any place outside thereof, and (2) commerce within the District of Columbia or within any other territory not organized with a legislative body." 21 U.S.C. § 321(b).

7. On or about the dates listed below, in the District of South Carolina and elsewhere, the defendant, **CHARLENE BRACH,** aided and abetted by others known and unknown to the Grand Jury, and with intent to defraud and mislead, introduced and delivered for introduction, and caused the introduction and delivery for introduction, into interstate commerce foods as specified below, that were adulterated within the meaning of Title 21, United States Code, Sections 342(b)(1), (2), and (4) in that the foods were "diluted" with undeclared filler ingredients:

| COUNT | APPROX. DATE | ADULTERATED FOODS | INTRODUCTION INTO INTERSTATE COMMERCE |
|---|---|---|---|
| 1 | May 11, 2017 | basil, black pepper, chili powder, ginger, oregano, garlic powder, thyme and cinnamon | Via FedEx from Allentown, PA to Edgefield, SC |
| 2 | July 20, 2017 | basil, cinnamon, black pepper, chili powder, paprika, parsley, garlic | Via FedEx from Allentown, PA to Edgefield, SC |

|   |   | powder, red pepper and thyme |   |
|---|---|---|---|
| 3 | September 1, 2016 | garlic powder, black pepper, ginger, oregano, paprika, and thyme | Via private carrier (Amino Transport) from Allentown, PA to Estill, SC |

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2) and Title 18, United States Code, Section 2.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

Between on or about July 11, 2016 and on or about November 1, 2017, in the District of South Carolina and elsewhere, the defendant, **CHARLENE BRACH**, willfully and knowingly did steal, purloin, and convert to her own use money of the United States, to wit: payments for foods not meeting the specifications of a federal contract, of a value exceeding $1,000.00;

In violation of Title 18, United States Code, Section 641.

## FORFEITURE

A. <u>THEFT OF PUBLIC MONEY</u>

1. Upon conviction for a violation of Title 18, United States Code, Section 641 as charged in Count 4 of this Indictment, the Defendant, **CHARLENE BRACH**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense, including, but not limited to the following:

B. <u>PROPERTY</u>

2. Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant, **CHARLENE BRACH**, for the violation charged in this Indictment includes, but is not limited to, the following:

<u>CASH PROCEEDS/MONEY JUDGMENT:</u>

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as a result of the offense charged in this Indictment, that is, a minimum of approximately $13,008.50 in United States currency, and all interest and proceeds traceable thereto;

C. <u>SUBSTITUTE ASSETS</u>

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

  (a) cannot be located upon the exercise of due diligence;
  (b) has been transferred or sold to, or deposited with, a third person;
  (c) has been placed beyond the jurisdiction of the Court;
  (d) has been substantially diminished in value; or
  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture

of any other property of the said Defendant up to the value of the above forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A _____True_____ BILL

REDACTED
_____
FOREPERSON

*Sherri A. S/L*
SHERRI A. LYDON (TDP)
UNITED STATES ATTORNEY